IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMY A. JOHNSON, #1909149 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv199 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Jimmy A. Johnson, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be dismissed. Petitioner has filed objections.

Petitioner is challenging his Grayson County conviction for aggravated sexual assault of a child. On January 29, 2014, after a plea of guilty, he was sentenced to forty years of confinement. His conviction was affirmed. *Johnson v. State*, No. 05-14-00204-CR, 2015 WL 274491 (Tex. App. - Dallas 2015). On September 8, 2015, Petitioner filed an application for a writ of habeas corpus in state court alleging a violation of his right to a speedy trial, and ineffective assistance of counsel due to a conflict of interest. On January 20, 2016, the Texas Court of Criminal Appeals denied the application without written order on findings of the trial court without a hearing.

The present petition was filed on March 21, 2016. Petitioner brings the following grounds for relief:

1. The trial court violated his right to a speedy trial; and

2. Petitioner received ineffective assistance of counsel in that defense counsel failed to conduct a reasonable investigation and accepted the State's version of the facts.

With respect to the first ground for relief, the state courts found that the claim was procedurally defaulted, and Magistrate Judge Nowak concluded that this Court should honor the finding. With respect to the second ground for relief, Magistrate Judge Nowak concluded that relief should be denied because Petitioner failed to exhaust his state habeas corpus remedies with respect to this

1

specific ineffective assistance of counsel claim. Petitioner's objections are essentially a reassertion of the claims raised in his § 2254 petition.

The procedural default doctrine was announced by the Supreme Court in *Coleman v. Thompson*, 501 U.S. 722 (1991). The Court explained the doctrine as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750. If a state court explicitly invokes a procedural bar and alternatively reaches the merits of a petitioner's claims, a federal court is still bound by the state procedural default. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). Applying this principle, the Fifth Circuit has held that the "procedural-default doctrine precludes federal habeas review when the last reasoned state-court opinion addressing a claim explicitly rejects it on a state procedural ground." *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004) (citation omitted), *cert. denied*, 543 U.S. 1124 (2005).

In the present case, the state court found that Petitioner's speedy trial claim should have, and could have, been raised on direct appeal; thus, it is not cognizable in habeas corpus proceedings. The Texas Court of Criminal Appeals denied relief based on the findings of the trial court. In his objections, Petitioner raises the fundamental miscarriage of justice exception. The Supreme Court has explained that a fundamental miscarriage of justice means that a petitioner must show that he was actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992). Petitioner has not shown that he was actually innocent of the crime. He has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Magistrate Judge Nowak found that Petitioner's second claim alleging ineffective assistance of counsel was not exhausted and procedurally defaulted. State prisoners bringing petitions for a writ of habeas corpus are required to exhaust state remedies before proceeding in federal court

unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective. 28 U.S.C. § 2254(b)(1). In order to exhaust properly, a state prisoner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270 (1981). This means that a petitioner must have informed the state court system of the same facts and legal theories upon which he bases his assertions in his federal habeas petition. *Id.* at 276-77; *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). In recent years, however, unexhausted claims in a mixed petition have been dismissed as procedurally barred. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153 (1995). Such unexhausted claims would be procedurally barred because if a petitioner attempted to exhaust them in state court they would be barred by Texas abuse-of-the-writ rules. *Id.*

In the present petition, Petitioner alleges that his attorney was ineffective because he failed to conduct a reasonable investigation and accepted the State's version of the facts. He did not present this particular ineffective assistance of counsel claim to the state courts; instead, his state claim was based on a conflict of interest. In his objections, Petitioner discussed the claim as presented to the state courts, but that claim was not included in the present petition. The specific ineffective assistance of counsel claim raised in the present petition is unexhausted and procedurally barred. Petitioner's objections lack merit.

In conclusion, the Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

3

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 6th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE